```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

UNITED STATES OF AMERICA

v.                                   CRIMINAL NOS. 2:13-00071
                                                   5:07-00121

LYNN WOOD CAMPBELL


### MEMORANDUM OPINION AND ORDER

In Charleston, on April 15, 2013, came the defendant, Lynn Wood Campbell, in person and by counsel, Joseph M. Farrell, Jr.; came the United States by John L. File, Assistant United States Attorney; and came United States Probation Officer Joseph Black, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on March 29, 2013.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant did not contest the charges contained in the petition except for that portion of Violation No. 2 that charged a urine specimen given on January 28, 2013, tested positive for amphetamine and methamphetamine.  Defendant did not contest that the urine specimen from the same date tested positive for oxycodone.  Thereafter, the court found the charges,

as admitted by defendant, were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 18 to 24 months in Case No. 2:13CR00071-001 and 21 to 27 months in Case No. 5:07CR00121. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of three years in Case No. 2:13CR00071-001 and two years in Case No. 5:07CR00121. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of twenty-one (21) months in each case, sentences to run concurrently. Upon completion of his

term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of the violations committed by defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 19th day of April, 2013.

       ENTER:

       *David A. Faber*
       David A. Faber
       Senior United States District Judge